UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12178-RWZ

GEOVANTAGE, INC.

v.

SIMWRIGHT, INC.

MEMORANDUM OF DECISION

January 16, 2014

ZOBEL, D.J.

Plaintiff GeoVantage, Inc. ("GeoVantage"), a developer of digital aerial imaging technology, filed this action in the Massachusetts Superior Court against defendant SimWright, Inc. ("SimWright"), an image processing and software development firm, on July 27, 2012. The initial complaint, served in October 2012, alleged that GeoVantage hired SimWright as a subcontractor to develop and improve various GeoVantage hardware and software products, and that SimWright thereafter developed and claimed ownership over derivative products in violation of a memorandum of understanding between the parties. GeoVantage sought damages for breach of contract and declaratory judgment decreeing its rightful ownership of the intellectual property developed by SimWright pursuant to the parties' agreements. The complaint was amended on August 5, 2013, to include additional allegations and two counts of misappropriation of confidential information and trade secrets on the basis that SimWright also disclosed GeoVantage's intellectual property to Waldo Air, Inc., a direct

competitor.

On September 3, 2013, SimWright filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on diversity grounds.  GeoVantage claims that removal is untimely and moves to remand the case.

Section 1446(b) requires that a state court defendant seeking to remove a case to federal court do so by filing a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b). SimWright concedes that the case was removable at the time it first received the initial complaint and that the statutory 30-day time limit for removal has expired. SimWright nonetheless contends that removal is still permissible under a judicially-created "revival exception."  This narrow exception, which has not yet been adopted by the First Circuit but has been recognized by lower courts in this circuit, holds that removal rights may be "revived" when an amended complaint "so changes the nature of [the] action as to constitute substantially a new suit begun that day."  Valley Mgmt., Inc. v. Boston Road Mobile Home Park Tenants Ass'n, Inc., 736 F. Supp. 2d 344, 349 (D. Mass. 2010) (quoting Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982)).  See also Burke v. Atlantic Fuels Marketing Corp., 775 F. Supp. 474, 475 (D. Mass. 1991) (recognizing doctrine); Davidson v. Life Ins. Co., 716 F. Supp. 674 (D. Mass. 1989) (same); McKenna v. Brassard, 704 F. Supp. 309, 310-11 (D. Mass. 1989) (same).  SimWright asserts that the new allegations and claims in GeoVantage's amended complaint so completely transformed the nature of the case

2

as to reset the 30-day clock on removal.

"[R]emoval statutes are strictly construed . . . and defendant[] has the burden of showing the federal court's jurisdiction." Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999) (citations omitted).  Even assuming that the revival doctrine has force in this circuit, I find that GeoVantage's amendments did not create a "substantially new suit" to warrant its application here.  Many of the changes in GeoVantage's amended complaint serve only to elaborate existing allegations and provide details about the role of one James Kain, a co-founder and former co-owner of GeoVantage, in the parties' relationship.  While there are new allegations in support of the two additional counts of misappropriation of confidential information and trade secrets, these amendments build upon the facts set forth in the initial complaint and charge a continuation of the conduct already alleged.  At bottom, GeoVantage consistently accuses SimWright of violating the parties' agreement and asserting wrongful dominion over GeoVantage's intellectual property.  The initial complaint describes SimWright's claim to own such property and demand that GeoVantage pay to license it; the amended complaint further illustrates SimWright's alleged encroachment with assertions that SimWright later provided that same intellectual property to Waldo Air.  The essential identity of the case remains unaltered.  See Wilson, 668 F.2d at 965 ("The basic legal theory of [plaintiff's] action . . .  was unchanged.  There was thus no 'abandonment of the original for a new cause of action.'") (citation omitted).  Because the changes in the amended complaint are insufficient to revive SimWright's expired

right to remove, remand is proper.[1]

Finally, GeoVantage seeks to recover costs and attorney fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A reward of fees is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  SimWright's attempt to remove, although ultimately unsuccessful, was nevertheless objectively reasonable in light of case law supporting the existence and application of the revival exception to section 1446(b).  I decline to assess costs and fees here.

GeoVantage's motion for remand (Docket # 8) is ALLOWED, but its motion for costs and fees is DENIED.  GeoVantage's assented-to motion to stay proceedings pending ruling on motion to remand (Docket # 10) is DENIED AS MOOT.


        January 16, 2013                          /s/Rya W. Zobel
        DATE                              RYA W. ZOBEL
                                  UNITED STATES DISTRICT JUDGE


---

[1] GeoVantage also argues that removal is untimely under 28 U.S.C. § 1446(c), which prohibits the removal of cases on the basis of diversity jurisdiction "more than 1 year after the commencement of the action, unless a district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  This rule operates even where a plaintiff amends his complaint.  See Burke, 775 F. Supp. 474, 477 (petition for removal on diversity grounds more than one year after initial complaint was filed was untimely despite amendment of complaint to assert new claim).  SimWright neither addresses this argument nor suggests that GeoVantage acted in bad faith.